E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KEVIN B. REIDY (Cal Bar No. 320583)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8536
    Facsimile: (213) 894-0141
    E-mail:    kevin.reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-00321-MCS |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| KEITH SHAZAD MALIK, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Kevin B. Reidy, hereby files its Sentencing Position.

//

//

This Sentencing Position is based on the attached memorandum of points and authorities, the presentence investigation report, and the files and records in this case.

Dated: May 22, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

     /s/
KEVIN B. REIDY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant Keith Shazad Malik ("defendant") has pleaded guilty to sending threatening communications to Victim 1, a person he had previously targeted for a campaign of online harassment. Based on the totality of the factors in this case, the government respectfully recommends that the Court sentence defendant to 15 months' imprisonment, the low-end of the Guidelines range.

**II. OFFENSE CONDUCT**

On January 30, 2023, defendant pleaded guilty to one count of Transmitting a Threatening Communication in Interstate Commerce, in violation of 18 U.S.C. § 875(c), and admitted sending threatening emails to Victim 1, a college acquaintance. (Dkt. 26, 29.) Defendant also visited Victim 1's childhood home and sent harassing communications to Victim 1's family. (Dkt. 32 ¶¶ 20-23.) Defendant sent the threats to Victim 1 despite Victim 1's obtaining a restraining order against defendant based on similar conduct several years ago. (Id. ¶¶ 11, 30-56.)

**III. GUIDELINES CALCULATION**

**A. USPO Calculation**

The USPO calculates the offense level as follows:

| | |
|---|---|
| Base Offense Level: | 12 |
| 2+ Threats: | +2 |
| Acceptance: | -2 |

(Id. ¶¶ 27-37.) The USPO calculated defendant's total offense level as 12. (Id. ¶ 37.) The government agrees with the USPO's offense level calculation.

**B. Criminal History Category**

The government does not object to the PSR's calculation of four criminal history points and a resulting criminal history category of III. (Id. ¶¶ 60-63.)

**C. Resulting Guidelines Range**

Thus, the PSR calculates the total offense level of 12, the Criminal History Category as III, and, based on those calculations, finds a Guidelines range at 15 to 21 months. (Id. ¶ 100.)

## IV. ANALYSIS OF 3553 FACTORS

**A. Nature and Circumstances of Offense**

The nature and circumstances of defendant's conduct are serious. Defendant sent threatening communications to Victim 1 and Victim 1's family causing them mental anguish and stress. And this was not the first time--the conduct underlying this offense came several years after defendant had a restraining order issued against him for engaging in similar harassment against Victim 1.

Victim 1 has submitted a statement to the Court describing the emotional effects of defendant's harassment and the pain defendant has caused Victim 1. A sentence of 15 months in custody, and no higher, would adequately reflect the lasting impact of defendant's conduct on Victim 1.

**B. History and Characteristics of Defendant**

The government does not ask for any more than 15 months in custody because of defendant's history and characteristics. Defendant suffered a family tragedy during his childhood when his father and brother lost their lives in an airplane crash. His mother suffered from mental illness. Defendant himself has been previously diagnosed with schizophrenia.

But these difficulties cannot fully explain or excuse defendant's decision to resume his campaign of threats and harassment against Victim 1. However, defendant's troubles are sufficient reason for the Court to refrain from sentencing defendant to a term of imprisonment any higher than the low end of the Guidelines range.

### C. Deterrence and Protection of the Public

A sentence of 15 months' is sufficient, but not greater than necessary, to deter defendant from further crimes. The government hopes that this sentence will motivate defendant to cease all contact with Victim 1.

The government also asks for a 3-year term of supervised release to protect the public, and Victim 1 in particular. Defendant has agreed to the imposition of strict supervised release conditions designed to prevent him from restarting any harassment of Victim 1 in the future. The government asks that the Court impose the statutory maximum term of supervised release in order to give Victim 1 the maximum amount of protection.

The government is also encouraged by the Federal Public Defender's efforts to connect defendant with resources to find treatment and work upon his release. The government hopes that these efforts, combined with rigorous supervision, will ensure that defendant never again comes in contact with the criminal justice system.

## V. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court sentence defendant to: (1) a low-end term of 15 months in custody; (2) a three-year period of supervised release; and (3) a mandatory special assessment of $100.