JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
KEVIN B. REIDY (Cal. Bar No. 320583)
Assistant United States Attorney
Major Frauds Section
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-8536
        Facsimile: (213) 894-0141
        E-mail:    kevin.reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-00321-MCS |
|---|---|
| Plaintiff, | OPPOSITION TO DISMISS DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION TO HOME CONFINEMENT |
| v. | |
| KEITH SHAZAD MALIK, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Kevin B. Reidy, hereby submits this Opposition to Defendant Keith Shazad Malik's ("defendant") Motion for Judicial Recommendation to Home Confinement.

The BOP has sole statutory power to determine the propriety of placing a particular inmate in home confinement.  Section 3621(b) grants BOP sole authority to "designate the place of the prisoner's imprisonment."  The BOP's plenary placement power extends to home confinement decisions.  See 18 U.S.C. § 3624(c)(2), (4) ("The authority under this subsection may be used to place a prisoner in

home confinement . . . [n]othing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.").  Given BOP officials' considerable experience in exercising this authority and their greater familiarity with the inmates in their care, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise."  McKune v. Lile, 536 U.S. 24, 39 (2002).

Courts have been reluctant to supplant the BOP's housing decisions with recommendations of their own.  To be sure, BOP may consider "any statement by the court that imposed the sentence . . . recommending a type of penal . . . facility as appropriate."  18 U.S.C. § 3621(b)(4)(B).  But even though "a sentencing court is permitted to make a recommendation concerning the type of penal or correctional facility" courts have nevertheless recognized that "a determination of if and when a prisoner should be allowed to serve the remainder of his sentence on home confinement is best left to the discretion, experience, and expertise of the BOP."  United States v. Gajewski, 2020 WL 1066300, at *2 (E.D. Tex. Mar. 4, 2020) (collecting cases); United States v. Usma, 2022 WL 2391252, at *1 (M.D. Fla. Jul. 1, 2022) ("[T]he Court imposed a sentence on [d]efendant appropriate under the United States Sentencing Guidelines, and it is now up to the BOP to decide when he transitions to RRC and home detention.").

Defendant has not presented any reason to deviate from this prudent pafth of deference to the BOP.  On the contrary, this Court's explanations of the need for a statutory maximum custodial sentence for defendant counsels against any recommendation in favor of home confinement.  See 18 U.S.C. § 3621(b)(4)(A) (directing BOP to

consider "any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted" when determining placement).  At sentencing, this Court stated that a lengthy term in custody was necessary because defendant's "ignoring of the prior restraining order" when harassing the victim "causes the Court to believe that . . . from a safety perspective, the Court doesn't have the confidence that the [d]efendant will -- will respect an order here if not in custody."  (Dkt. 65 at 13.)  The Court further found that the maximum possible custody term was necessary to reflect "[t]he nature [and] circumstances of the offense, the [d]efendant's lack of respect for the law, and the need to adequately deter the [d]efendant from future criminal conduct."  (Id.)   See United States v. Oliver, 2020 WL 2768852, at *3 (E.D. Mich. May 28, 2020) (declining to recommend home confinement because defendant's "crime was serious").

This Court recently re-affirmed its justifications for a lengthy custodial term when denying defendant's motion for sentence reduction.  As this Court stated, "[g]iven the extent and longevity of his behavior toward the victim, and the lack of deterrence he exhibited, the Court imposed a meaningful custodial sentence to impress upon [d]efendant the need to respect the law, to protect the community from further crimes, and to deter [d]efendant from further criminal conduct."  (Dkt. 102 at 5.)

//

//

3

A recommendation for placement in home confinement for the remainder of defendant's custodial term would only undermine this Court's reasoning when imposing the statutory maximum custodial sentence upon defendant.  Accordingly, the Court should deny defendant's motion.

Dated: March 14, 2025          Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

         /s/
KEVIN B. REIDY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4

**CERTIFICATE OF SERVICE**

I, Teresa H. Terrell, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the Acting United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**OPPOSITION TO DISMISS DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION TO HOME CONFINEMENT**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

Keith Shazad Malik
Reg No. 09829-510
FTC Oklahoma City
Federal Transfer Center
P.O. Box 898801
Oklahoma City, OK 73189

This Certificate is executed on **March 14, 2025,** at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

*Teresa H. Terrell*
Teresa H. Terrell
Legal Assistant

5